OPINION
Defendant-appellant, Empire Fire and Marine Insurance Co., appeals the decision and entry of the Franklin County Court of Common Pleas granting summary declaratory judgment in favor of appellee, Progressive Max Insurance Company, and denying appellant's cross-motion for summary declaratory judgment. The trial court held that appellant was required to share liability coverage with appellee on a pro rata basis for damages resulting from an automobile accident caused by the negligence of appellee's insured and involving a vehicle rented from appellant's insured. For the following reasons, we affirm.
This dispute arises out of a February 24, 1998 motor vehicle accident negligently caused by Eric A. Cain and resulting in bodily injury and property damage to Myrna and Thomas Ruff. Mr. Cain was insured under a personal automobile liability policy issue by appellee. The vehicle he was driving was rented from Graham Ford Rental World ("Graham Ford"), which had a commercial automobile liability policy of insurance issued to it by appellant.
The personal policy issued by appellee to Mr. Cain contained the following "other insurance" provision which generally limited coverage related to Mr. Cain's use of a non-owned vehicle to excess coverage:
 If there is other applicable liability insurance or bond, we will pay only our share of the damages. Our share is the proportion that our Limit of Liability bears to the total of all applicable limits. Any insurance we provide for a vehicle, other than a covered vehicle, will be excess over any other collectible insurance, self-insurance, or bond. Any insurance we provide for use of a covered vehicle by any person other than you will be excess over any other collectible insurance, self-insurance, or bond. [Emphasis added.]
The commercial policy issued by appellant to Graham Ford generally excluded coverage to rentees (such as Mr. Cain) of vehicles owned by Graham Ford unless the rentee was not insured by any other applicable automobile liability insurance. Specifically, appellant's policy provided the following contingent insurance for rentees:
3. CONTINGENT INSURANCE FOR "RENTEES"
 This policy does not insure the "rentee" or any driver designated in a rental agreement if there is any other applicable automobile liability insurance or self-insurance, whether primary, excess, or contingent, with limits of liability or retained limits at least equal to the limits provided by this policy. If the "rentee" and any driver designated in a "rental agreement" are not insured by any other applicable automobile liability insurance or self-insurance, whether primary, excess, or contingent, or if the limits of such insurance or retained limits are less than the limits provided by this Coverage Form, then:
 a. Such person becomes an "insured" under this Coverage Form only for the amount by which the limits provided by this Coverage Form exceed the limits of all other insurance or self-insurance, whether primary, excess, or contingent; and
 b. All other insurance or self-insurance, whether primary, excess, or contingent, shall be primary, and any insurance provided by this policy shall be excess over all other such insurance.
Both policies, Mr. Cain's personal policy and Graham Ford's commercial policy, contained the same limits of coverage for bodily injury ($12,500 per person, $25,000 per accident) and property damage ($7,500 per accident). As such, and based upon the above provision excluding coverage for rentees with other applicable insurance, appellant denied any coverage under their policy issued to Graham Ford. Appellee, however, paid approximately $11,500 under its policy in settlement of the Ruff's claims against Mr. Cain.
On December 7, 2000, appellee brought this action against appellant seeking, inter alia, declaratory judgment that, under State Farm Mutual Automobile Ins. Co. v. Home Indemnity Ins. Co. (1970), 23 Ohio St.2d 45, appellant was primarily liable for the damages incurred by the Ruffs. In State Farm, the Ohio Supreme Court held that an insurance policy's "excess" clause, like that contained in appellee's policy, would be given effect over another policy's competing "escape" or "no liability" clause purporting to exclude coverage when other liability insurance is available. Appellant answered and counter-claimed seeking a declaration that appellee's policy of insurance provided primary coverage for the accident and that appellant's policy provided only excess coverage.
The parties filed cross-motions for summary declaratory judgment. By decision and entry filed September 1, 2000, the trial court granted summary declaratory judgment in favor of appellee and denied summary declaratory judgment for appellant. In so doing, the trial court held that State Farm governed the case and that the "excess" provision for non-owned vehicles in appellee's policy took precedence over the "escape" or "no liability" provision for rentee coverage in appellant's commercial policy. Accordingly, appellant's "escape" clause did not exclude coverage for the accident. The trial court further held that, because both of the parties' policies contained "excess" clauses, the parties were each liable on a prorated (fifty percent each) basis. See Buckeye Union Ins. Co. v. State Auto Mutl. Ins. Co. (1977), 49 Ohio St.2d 213, syllabus (holding that where two policies cover the same risk and each contain excess clauses, they are jointly liable in proportion to the amount of insurance provided by their respective policies).
It is from this decision and entry that appellant appeals, raising the following two assignments of error:
 1. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE PROGRESSIVE MAX INSURANCE COMPANY ON ITS CLAIM FOR DECLARATORY JUDGMENT.
 2. THE TRIAL COURT ERRED IN DENYING APPELLANT EMPIRE FIRE MARINE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON THE CLAIM FOR DECLARATORY JUDGMENT.
Appellant's two assignments of error challenge the trial court's decision on the parties' cross-motions for summary declaratory judgment holding that appellant is liable under its commercial policy with Graham Ford for a pro rata share of the Ruff's damages. As such, appellant's assignments of error raise the same legal issues and will be addressed together.
First, appellant contends that the trial court erred in its conclusion that State Farm governs this case. In particular, appellant argues that the "escape" clause declared ineffective in State Farm is materially different from the provision providing contingent insurance for rentees contained in the Graham Ford policy. Specifically, appellant notes that in State Farm, the insurer of the vehicle conceded that there would be coverage under its policy but for the "escape" clause at issue. Appellant contends that here, however, their policy does not otherwise cover rentees and, in fact, specifically excludes them from coverage. Rather, the policy merely provides back-up liability coverage to rentees under certain contingencies, which appellant claims was never triggered in this case because Mr. Cain was otherwise covered under appellee's policy. We find, however, that this difference is not legally significant.
First, whether drafted as an exception to general coverage (as in State Farm) or drafted as contingent coverage triggered upon there being other applicable insurance (as here), the effect of the two provisions is substantively the same. Both policies ultimately purport to provide coverage if no other automobile liability insurance applies. Thus, the coverage at issue in State Farm was just as contingent as that at issue here. To accept appellant's argument would elevate form over substance.
Further, appellant cites only one case, Monroe Guaranty Ins. Co. v. Hartford Steam Boiler Inspection and Ins. Co. (Mar. 31, 2000), Trumbull App. No. 98-T-0135, unreported, in support of its argument. Monroe Guaranty, however, did not involve competing auto liability policies but two property insurance policies, a distinction specifically recognized in Monroe Guaranty as a basis for not following the general rule espoused in State Farm.
Rather, we find Atterberry v. Arnold (Dec. 23, 1981), Montgomery App. No. 7368, unreported, a case involving two automobile liability policies to be more analogous. In Atterberry, a customer of an auto body repair shop was driving one of the shop's loaner vehicles when she struck a pedestrian. The shop's liability policy generally excluded coverage for its customers while driving the loaner vehicles, but provided contingent coverage if there was no other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, or if such available insurance failed to satisfy the financial responsibility limits mandated by state law. Despite the contingent nature of the coverage, the court of appeals applied State Farm and held that the auto body shop's policy was the primary insurer and that the tortfeasor's personal policy containing an excess clause was secondary.
As such, we likewise find that the trial court did not err in concluding that the contingent insurance provision in appellant's policy was the functional equivalent of the escape clause found ineffective by the court in State Farm.
Appellant further contends that public policy favors distinguishing State Farm from this case. In particular, appellant argues that R.C.4509.101(I) specifically permits motor vehicle renting dealers to require rentees alone to be responsible for satisfying Ohio's financial responsibility requirements during the period of the rental. According to appellant, applying State Farm to this case, however, discourages rental agencies from attempting to provide truly contingent liability coverage in the event such rentees fail to satisfy their obligations under the rental agreement because it will be treated by the courts in the face of a competing excess clause as an ineffective "escape" clause. Therefore, any attempt to provide even contingent coverage will result in at least pro rata coverage.
Assuming that applying State Farm to this case may discourage rental agencies from providing liability insurance for its rentees, we do not find that such a result is against public policy. Rather, it is a result specifically contemplated by R.C. 4509.101(I), which (at least under appellant's interpretation) allows rental agencies to contractually shift the burden of proof of financial responsibility to the rentees. Thus, the fact that this decision may encourage a result expressly contemplated under the Revised Code, precludes a finding that such a decision is contrary to public policy. Moreover, while the results arguably may not be ideal, such concerns do not overcome otherwise applicable Supreme Court precedent.
For the foregoing reasons, we find that the trial court did not err in granting summary declaratory judgment to appellee and in denying summary declaratory judgment for appellants. Appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ________________________ LAZARUS, J.
BOWMAN and KENNEDY, JJ., concur.